UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

**Filed 1/15/97**

RHONDA HOUSTON, for Delilah M.
Houston, a minor,

     Plaintiff-Appellant,

v.

SHIRLEY S. CHATER,
Commissioner, Social Security
Administration,

     Defendant-Appellee.

No. 96-6223
(D.C. No. CV-95-1552-M)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before TACHA, EBEL, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Rhonda Houston, on behalf of her daughter, Delilah M. Houston, appeals from an order of the district court affirming the final decision of the Commissioner of Social Security denying her January 20, 1993 application for child's supplemental security income benefits. Delilah, born February 2, 1987, has been treated for asthma since she was eight months old. In an opinion that now stands as the final decision of the Commissioner, the Administrative Law Judge (ALJ) found that Delilah's asthma was once quite severe but that, at all times relevant to his determination, the child did not have an impairment meeting, equaling, or functionally equaling the criteria of any listed impairment. Moreover, the ALJ determined that Delilah's asthma was not comparable to an impairment that would disable an adult.

Ms. Houston appealed to the district court. The magistrate judge, to whom the matter was referred for findings and a recommendation, concluded that substantial evidence supported the denial of benefits. The district judge reviewed the matter de novo and adopted the findings and recommendation of the magistrate judge.

We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291. We review the Commissioner's decision to determine whether it is supported by

substantial evidence and whether the correct legal standards were applied. Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994). Substantial evidence is relevant evidence that "a reasonable mind might accept to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (further quotations omitted).

On appeal, Ms. Houston contends that the child's impairment is substantially equivalent to those specified in the listing, see 20 C.F.R. Pt. 404, Subpt. P., App. 1, § 103.03 (1994),[1] or, alternatively, that it was of comparable severity to an impairment that would disable an adult, 20 C.F.R. § 416.924.

---

[1] Between the protective filing date of January 20, 1993 and the ALJ's decision of December 21, 1994, two slightly different versions of § 103.03 were in effect. Ms. Houston's argument on appeal is based solely on the version in effect as of April 1, 1994.

In pertinent part, the relevant listing requires

Attacks (as defined in 3.00C), in spite of prescribed treatment and requiring physician intervention, occurring at least once every 2 months or at least six times a year. Each inpatient hospitalization for longer than 24 hours for control of asthma counts as two attacks, and an evaluation period of at least 12 consecutive months must be used to determine the frequency of attacks.

20 C.F.R. Pt. 404, Subpt. P., App. 1, § 103.03.

"Attacks" are defined as "prolonged symptomatic episodes lasting one or more days and requiring intensive treatment, such as intravenous bronchodilator or antibiotic administration or prolonged inhalation bronchodilator therapy in a hospital, emergency room or equivalent setting." Id. § 3.00C.

Substantial evidence supports the ALJ's decision that Delilah's asthma does not equal the listing of impairment for children's bronchial asthma. Equivalence to a listed impairment must be based on medical findings. Id. § 404.1526. The medical records indicate that Delilah was doing well on her medication. Moreover, contrary to Ms. Houston's argument, the administration of home nebulizer treatments is not the equivalent of treatment requiring physician intervention, see 20 C.F.R. Pt. 404, Subpt. P., App. 1, § 103.03, or intensive treatment, see id. § 3.00C.

Although Delilah did not have an impairment equaling a listed impairment, she nonetheless could be found disabled if she were found to have an impairment of comparable severity to an impairment that would disable an adult. In order to qualify, the impairment must substantially reduce a child's ability to

> (1) Grow, develop, or mature physically, mentally, or emotionally and, thus, to attain developmental milestones at an age appropriate rate; or
>
> (2) Grow, develop, or mature physically, mentally, or emotionally and, thus, to engage in age-appropriate activities of daily living in self-care, play and recreation, school and academics, community activities, vocational settings, peer relationships, or family life; or
>
> (3) Acquire the skills needed to assume roles reasonably expected of adults.

20 C.F.R. § 416.924(a) (cross-references omitted).

-4-

The evidence showed that, while Delilah's asthma restricted some of her activities, it did not limit her ability to function independently, appropriately, and effectively for her age. She attended school regularly, did satisfactory academic work, and got along well with other children. The evidence supports the decision that Delilah is not disabled, and we therefore affirm the denial of benefits.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge